UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANCH BANKING & TRUST CO. | * | |
|     Plaintiff/judgment creditor, | * | |
| v. | * | |
| FEDERAL KEMPER LIFE<br>  ASSURANCE COMPANY | * | |
| | * | |
|     Defendant/garnishee. | * | |
| * * * * * * * | | Civil Action No. L-00-3677 |
| FEDERAL KEMPER LIFE<br>  ASSURANCE COMPANY | * | |
| | * | |
|     Counterclaim plaintiff, | * | |
| v. | * | |
| BRANCH BANKING & TRUST CO., *et al.* | * | |
|     Counterclaim defendants. | * | |

* * * * * * * * * * * * *

FEDERAL KEMPER LIFE ASSURANCE COMPANY
AND BRANCH BANKING & TRUST COMPANY'S
PROPOSED DISCOVERY PLAN

Defendant/counterclaim plaintiff, Federal Kemper Life Assurance Company ("Federal Kemper"), and plaintiff/counterclaim defendant, Branch Banking & Trust Company ("Branch Banking"), pursuant to Fed. R. Civ. P. 26(f), submit the following report outlining the proposed discovery plan agreed upon during the conference of parties held on January 29, 2001.

*Approved February 6, 2001*
*Benson Legg*
*USDJ*

A.  "[W]hat changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made[.]"

Based on the date of the conference of parties, the initial disclosures required by Rule 26(a)(1) are due to be made by February 12, 2001. Federal Kemper and Branch Banking, however, have stipulated to an eight-day extension of that deadline. Federal Kemper and Branch Banking will make the disclosures by February 20, 2001. No other changes should be made in the timing, form or requirement for disclosures under Rule 26(a).

B.  "[T]he subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues[.]"

Federal Kemper and Branch Banking agree there are two primary issues on which discovery may be needed: (i) whether Federal Kemper term life insurance policy no. FK1876356 (the "Policy") lapsed for non-payment of premium prior to Carol B. Kleinman's death; and b) the extent to which assignments of the Policy purportedly given by Maryland Commercial to Branch Banking and Bank of America, N.A. ("Bank of America") are valid. Federal Kemper and Branch Banking agree that discovery should be completed by the May 30, 2001 discovery deadline established in the Scheduling Order. Neither Federal Kemper nor Branch Banking believes discovery should be conducted in phases or be limited to or focused upon particular issues.

C.  "[W]hat changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed[.]"

None at this time.

2

D.   "[A]ny other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c)."

None at this time.

Respectfully submitted,

| | |
|---|---|
| _____ *with permission* | _____ |
| Robert B. Scarlett | Bryan D. Bolton |
| Federal Bar No. 01424 | Federal Bar No. 02112 |
| Andrew M. Croll | Derek B. Yarmis |
| Federal Bar No. 07564 | Federal Bar No. 10892 |
| | |
| Scarlett & Croll, P.A. | Funk & Bolton, P.A. |
| 201 North Charles Street, Suite 600 | 100 Light Street, Suite 1000 |
| Baltimore, Maryland 21201 | Baltimore, Maryland 21202 |
| (410) 468-3100 | (410) 659-7700 |
| | |
| Attorneys for Branch Banking & Trust Co. | Attorneys for Federal Kemper Life Assurance Company |

Dated:       February 1, 2001

20004.004: 41833v2

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this \_\_\_ day of February, 2001, a copy of Federal Kemper Life Assurance Company and Branch Banking & Trust Company's Proposed Discovery Plan was mailed, first class, postage prepaid to:

>Robert B. Scarlett, Esquire
>Andrew M. Croll, Esquire
>Scarlett & Croll, P.A.
>201 North Charles Street, Suite 600
>Baltimore, Maryland 21201
>
>Attorneys for Branch Banking & Trust Co.
>
>Bank of America, N.A.
>Attn: Law Department
>100 North Tryon Street
>Charlotte, North Carolina 28255
>
>Maryland Commercial Loans, Inc.
>8 Park Center Court, Suite 110
>Owings Mills, Maryland 21117

_____
Derek B. Yarmis

20000.004:41833v2

4

**FUNK & BOLTON**

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
100 LIGHT STREET, SUITE 1000
BALTIMORE, MARYLAND 21202-1036
(410) 659-7700
FACSIMILE (410) 659-7773

DAVID M. FUNK
BRYAN D. BOLTON
BRYSON F. POPHAM
LINDSEY A. RADER
GARY C. HARRIGER
DEREK B. YARMIS
JEFFERSON L. BLOMQUIST
JOHN R. STIERHOFF
REN L. TUNDERMANN

LAURIE WINKLER THURTLE
MICHAEL R. MCCANN
JAMES F. TAYLOR
ERIC B. MYERS
CHARLES D. MACLEOD
E. ELIZABETH STABER
MADELEINE D. STECKEL
KELLY E. PHILLIPS

OF COUNSEL
JACK A. GULLO, JR.
J. FRANK NAYDEN
DEBORAH R. RIVKIN

Writer's Direct Dial: 410-659-7762

February 1, 2001

The Honorable Benson E. Legg
United States District Court
for the District of Maryland
101 West Lombard Street, Room 340
Baltimore, Maryland 21201

Hand Delivered

Re: *Branch Banking & Trust Co. v. Federal Kemper Life Assurance Company*
   Civil Action No.: L-00-3677

Dear Judge Legg:

I represent defendant/counterclaim plaintiff, Federal Kemper Life Assurance Company ("Federal Kemper"), in the above-referenced matter. In accordance with the January 16, 2001 memorandum to counsel, I am writing to provide a report regarding Maryland Commercial Loans, Inc. ("Maryland Commercial") and a proposed discovery and motions schedule. Andrew M. Croll, counsel for plaintiff/counterclaim defendant, Branch Banking & Trust Company ("Branch Banking"), has authorized me to represent that he concurs with the substance of this report.

In the January 16, 2001 memorandum to counsel, Your Honor observed that Maryland Commercial has not been served. Counsel were directed to submit a joint status report advising whether Maryland Commercial has been served and whether it is still in business.

As the Court is aware, this garnishment proceeding was removed from state court. Maryland Commercial was not a party to the garnishment proceeding in state court; rather, it was the judgment debtor. Maryland Commercial only became a party to the removed action when this Court, on January 15, 2001, granted Federal Kemper's motion for leave to file an amended answer to writ of garnishment of property and counterclaim. Maryland Commercial thereupon became a counterclaim defendant, and the Clerk of the Court, on January 24, 2001, issued writs of summons to Maryland Commercial and counterclaim defendant Bank of America, N.A. ("Bank of America"). Both writs of summons were served on January 29, 2001. Because Maryland Commercial's resident agent, Carol B. Kleinman, is deceased, the writ of summons was served on the Maryland State Department of Assessments and Taxation. *See* Fed. R. Civ. P. 4(h)(i); Md. Rule 2-124(m)

**FUNK & BOLTON**

A PROFESSIONAL ASSOCIATION

The Honorable Benson E. Legg
February 1, 2001
Page 2

Counsel's understanding is that Maryland Commercial, of which Ms. Kleinman was president, is no longer in business. Indeed, the telephone number for Maryland Commercial is no longer in service. Further, attorney John Beckley is in the process of winding down Maryland Commercial's affairs.

In the January 16, 2001 memorandum to counsel, the Court also requested that counsel advise as to a proposed discovery and motions schedule. On January 29, 2001, counsel for Federal Kemper and Branch Banking conducted a Rule 26(f) conference. The proposed discovery plan required by Rule 26(f) is being filed with the Clerk of the Court today and a courtesy copy is enclosed herewith. Matters addressed in the proposed discovery plan will not be repeated in this status report.

On January 24, 2001, Branch Banking served interrogatories and a request for production of documents on Federal Kemper. In accordance with Rule 26(d) and Local Rule 104.4.a, counsel for Federal Kemper and Branch Banking agreed that these discovery requests will be deemed to have been served as of January 29, 2001. On January 30, 2001, Federal Kemper served interrogatories and document requests on Branch Banking. Federal Kemper's and Branch Banking's respective discovery responses, therefore, are due to be served in early March 2001.

After Maryland Commercial and Bank of America answer the counterclaim, Federal Kemper and Branch Banking anticipate serving interrogatories and requests for production of documents on those parties. Additionally, after all parties have responded to paper discovery, Branch Banking anticipates noticing the depositions of Federal Kemper, Bank of America and Maryland Commercial. Federal Kemper also anticipates noticing the deposition of Branch Banking. Counsel for Federal Kemper and Branch Banking anticipate the parties will be able to complete discovery by the May 30, 2001 deadline established in the Scheduling Order.

Federal Kemper and Branch Banking anticipate this case will be resolved through cross-motions for summary judgment filed after the close of discovery. In the event neither Bank of America nor Maryland Commercial intends to file a motion for summary judgment, Federal Kemper or Branch Banking will file the opening motion by the June 29, 2001 dispositive pretrial motions deadline and the cross-motion/memorandum, opposition/reply, and reply will be filed in accordance with Local Rule 105.2.c. If Bank of America and/or Maryland Commercial intend to file a motion for summary judgment, then the parties will submit a proposed briefing schedule in the status report due on May 30, 2001.

**FUNK & BOLTON**

A PROFESSIONAL ASSOCIATION

The Honorable Benson E. Legg
February 1, 2001
Page 3

      The Court's attention to this matter is appreciated.

                                Respectfully,

                                Derek B. Yarmis

Enclosure
cc: Andrew M. Croll, Esquire
    Maryland Commercial Loans, Inc.
    Bank of America, N.A.

20000.004:41831