UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANCH BANKING & TRUST CO. | * | |
|     Plaintiff/judgment creditor | * | |
| v. | * | |
| FEDERAL KEMPER LIFE ASSURANCE COMPANY | * | |
|     Defendant/garnishee | * | |
| * * * * * * * | | Civil Action No. L-00-3677 |
| FEDERAL KEMPER LIFE ASSURANCE COMPANY | * | |
|     Counterclaim plaintiff, | * | |
| v. | * | |
| BRANCH BANKING & TRUST CO., *et al.* | * | |
|     Counterclaim defendants. | * | |

* * * * * * * * * * * * *

## STIPULATION BIFURCATING DISCOVERY AND EXTENDING PRETRIAL DEADLINES

Defendant/garnishee/counterclaim plaintiff Federal Kemper Life Assurance Company ("Federal Kemper"), and plaintiff/judgment creditor/counterclaim defendant Branch Banking & Trust Company ("Branch Banking"), by their undersigned counsel, hereby stipulate and agree to bifurcate discovery in this action and extend the pretrial deadlines. The reasons for this stipulation are as follows:

During the course of discovery, Federal Kemper has obtained information and documentation leading it to conclude that the death of Carol B. Kleinman, whose life was insured under Federal Kemper term life insurance policy no. FK1876356 (the "Policy"), was a suicide. Accordingly, Federal

Kemper, on May 2, 2001, filed a motion for leave to file a second amended answer and affirmative defense to writ of garnishment and counterclaim, to which Branch Banking consented.

In order to prepare the suicide issue for dispositive pretrial motions and/or trial, it will be necessary for the parties to engage expert witnesses and conduct extensive discovery. Because Federal Kemper intends to raise a potentially case-dispositive legal issue in a motion for summary judgment (*viz.*, the lapse of the Policy), the parties believe that the bifurcation of discovery would promote judicial economy and conserve the parties' resources. In the first phase of discovery, the parties will have the opportunity to complete discovery on the lapse issue (as well as Branch Banking's contention that Federal Kemper is estopped from relying on the lapse of the Policy). Federal Kemper then will file a motion for summary judgment on the lapse issue. If Federal Kemper's motion for summary judgment is denied, then the parties will have the opportunity to conduct discovery on the suicide issue and any other issues.

For the forgoing reasons, Federal Kemper and Branch Banking stipulate and agree to the following revisions to the scheduling order:

| | |
|---|---|
| Defendant's Rule 26(a)(2) disclosures re: experts (on lapse and estoppel issues) | May 16, 2001 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures re: experts (on lapse and estoppel issues) | May 30, 2001 |
| Rule 26(e)(2) supplementation of disclosures and responses (on lapse and estoppel issues) | June 6, 2001 |
| Discovery deadline (on lapse and estoppel issues); submission of status report | June 29, 2001 |

| | |
|---|---|
| Requests for admission (on lapse and estoppel issues) | July 6, 2001 |
| Federal Kemper's motion for summary judgment (on lapse issue) | July 30, 2001 |

If Federal Kemper's motion for summary judgment is denied, then discovery on the suicide issue and all other issues will be reopened and the following deadlines will apply:

| | |
|---|---|
| Defendant's Rule 26(a)(2) disclosures re: experts (on issues other than lapse and estoppel) | 45 days after disposition of motion for summary judgment |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures re: experts (on issues other than lapse and estoppel) | 65 days after disposition of motion for summary judgment |
| Rule 26(e)(2) supplementation of disclosures and responses | 70 days after disposition of motion for summary judgment |
| Discovery deadline; submission of status report | 100 days after disposition of motion for summary judgment |
| Requests for admission | 110 days after disposition of motion for summary judgment |
| Dispositive pretrial motions deadline | 130 days after disposition of motion for summary judgment |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 7th day of May, 2001, the foregoing Stipulation Bifurcating Discovery and Extending Pretrial Deadlines was mailed, first class, postage prepaid to:

       Robert B. Scarlett, Esquire
       Andrew M. Croll, Esquire
       Scarlett & Croll, P.A.
       201 North Charles Street, Suite 600
       Baltimore, Maryland 21201

       Attorneys for Branch Banking & Trust Co.

       Bank of America, N.A.
       Attn: Jan Aniel, Esquire
       Mail Code: NC1-002-29-01
       101 South Tryon Street
       Charlotte, North Carolina 28255

       Maryland Commercial Loans, Inc.
       8 Park Center Court, Suite 110
       Owings Mills, Maryland 21117

       John W. Beckley, Esquire
       Fowley & Beckley, P.A.
       Executive Plaza 1
       11350 McCormick Road, Suite 502
       Hunt Valley, Maryland 21031-1002

                                        _____
                                        Derek B. Yarmis

20000.004: 44498

Respectfully submitted,

_____   _____
Robert B. Scarlett  *with permission*   Bryan D. Bolton
Federal Bar No. 01424   Federal Bar No. 02112
Andrew M. Croll   Derek B. Yarmis
Federal Bar No. 07564   Federal Bar No. 10892

Scarlett & Croll, P.A.   Funk & Bolton, P.A.
201 North Charles Street, Suite 600   100 Light Street, Suite 1000
Baltimore, Maryland 21201   Baltimore, Maryland 21202
(410) 468-3100   (410) 659-7700

Attorneys for Branch Banking & Trust Co.   Attorneys for Federal Kemper Life Assurance Company

Dated: May 7, 2001

SO ORDERED:

_May 23, 2001_____   _____
Date   United States District Judge

20000.004:44498

4